UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVONNE MARSH,

                Plaintiff,                Civil Action No. 14-12947
                                                    Honorable Victoria A. Roberts
      v.                                      Magistrate Judge David R. Grand

LEO RHODES and
THE CITY OF DETROIT,

                Defendants.
_____/

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS [21]**

Before the Court is a Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 37 and 41, filed by Defendants Leo Rhodes and the City of Detroit (collectively "Defendants") on November 2, 2015. (Doc. #21). Plaintiff Devonne Marsh ("Marsh") filed a response in opposition to this motion[1] on December 4, 2015 (Doc. #24), and Defendants filed a reply on December 14, 2015 (Doc. #25). An Order of Reference was entered on January 27, 2015, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). (Doc. #9).

---

[1] Marsh's response contains a section titled "Motion to Sanction Defendants Leo Rhodes ET AL. and The City of Detroit through their Attorney Patrick M. Cunningham for their misconduct during discovery disclosure under Fed. R. Civ. P. 26(a)(1)(A)," in which he asks the Court to sanction Defendants for "disclosing falsified documents and/or information as discovery evidence …." (Doc. #24 at 16). Because it is not proper to file a separate motion within a response brief, *see Picard v. Am. Bd. Of Family Medicine*, 2014 WL 1389053, at *14 (E.D. Mich. Apr. 9, 2014) ("motions may not be included within a response"), and because Marsh later filed a similar motion seeking similar relief (Doc. #33), the Court has not addressed the merits of this issue herein but, rather, has considered the assertions made by Marsh regarding "falsified documents" in its order on Marsh's separate motion for sanctions. (Doc. #36).

1

**I.   RECOMMENDATION**[2]

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion be **DENIED IN PART** to the extent it seeks dismissal of Marsh's complaint. **IT IS FURTHER RECOMMENDED** that the motion be **GRANTED IN PART** to the extent it seeks an order compelling Marsh to respond to Defendants' discovery requests within fourteen (14) days, and affording Defendants additional time to file a supplemental brief in support of their pending motion for summary judgment (Doc. #26).

**II.   REPORT**

   **A.   Background**

Marsh brings this civil rights action pursuant to 42 U.S.C. §1983, alleging that Defendants violated his constitutional rights when they executed a (purportedly invalid) search warrant at 20029 Packard in the city of Detroit, Michigan, on December 23, 2012. In their motion, Defendants assert that, on September 25, 2015, they served Marsh with: (1) Defendants' Interrogatories Directed to Plaintiff; (2) Defendants' First Request for Admission to Plaintiff; and (3) Defendants' First Request for Production to Plaintiff (collectively the "Discovery Requests"). (Doc. #21 at 7, Ex. B; Doc. #26 at Ex. E). According to Defendants, Marsh still has not provided responses to the Discovery Requests, which were due on October 25, 2015. (Doc. #21 at 7). Indeed, nowhere in Marsh's filings does he indicate that he responded to the Discovery Requests.

---

[2] As another Magistrate Judge in this district recently noted, "There appears to be a split in authority on whether a magistrate judge should provide a report and recommendation to a district judge on a Fed. R. Civ. P. 37 motion for sanctions where, as here, the relief sought is dispositive (e.g., default judgment) . . . . Because several judges in this district have viewed a report and recommendation proper in this scenario, and because this Court sees no need to depart from this practice, this Court will make a recommendation to the District Court regarding the pending motions." *Stevenson v. City of Detroit*, 2012 WL 1883282, at *1 (E.D. Mich. Mar. 30, 2012) (internal citations omitted).

Additionally, Defendants noticed Marsh's video deposition to take place on October 27, 2015. (*Id.* at Ex. C). According to Defendants, Marsh appeared at the appointed time and location (within Marquette Branch Prison), at which time the video deposition began. (*Id.* at 7). Apparently, however, the video feed was interrupted at some point during Marsh's deposition, due to unforeseen technical difficulties, and when the video feed returned, Marsh was no longer on camera. (*Id.*). Defendants indicate that they were informed that Marsh told prison staff he no longer wished to participate in the deposition; Marsh claims that he left the deposition because "it was getting close for his unit to be called for lunch and [] he would like to go eat when his unit [was] called." (Doc. #24 at 7). Defendants now ask the Court to dismiss Marsh's complaint, pursuant to Fed. R. Civ. P. 37 and/or 41, because Marsh has failed to respond to their interrogatories, requests to admit, or requests for production of documents, and because Marsh "willfully terminated his deposition." (Doc. #21 at 8).

**B.   Analysis**

Rule 37 provides that a court may order sanctions, up to and including dismissal of an action, if "a party … fails, after being served with proper notice, to appear for that person's deposition," or if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(i)-(ii). In deciding whether to dismiss an action for discovery violations, courts consider four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less dramatic sanctions were imposed or considered before dismissal was ordered. *See Harmon v. CSX Transp., Inc.*, 110

3

F.3d 364, 366-67 (6th Cir. 1997).

In this case, the Court finds Marsh's failure to respond to Defendants' written discovery inexcusable, particularly in light of the fact that he has offered no explanation whatsoever for his failure to do so. Moreover, despite the length of time the underlying motion has remained pending, there is still no indication in the record that Marsh has submitted discovery responses.

Despite these facts, however, the Court is not persuaded that dismissal of Marsh's complaint is warranted as a sanction at this time. Applying the test set forth above, the Court can only conclude with respect to the first factor that Marsh's failure to respond to the Discovery Requests was due to willfulness, bad faith, or fault, as he simply has offered no explanation or justification for his utter failure to participate in discovery. As to the second factor, Defendants argue that they have been prejudiced by Marsh's prolonged failure to cooperate in discovery. (Doc. #21 at 10). Specifically, Defendants indicate that they have been prejudiced by the fact that Marsh "has not provided any information of any kind other than the bare allegations in his complaint," and by the fact that they wasted "a great deal of time and effort" in coordinating Marsh's video deposition, only to have the deposition terminated prematurely before they were able obtain necessary information. (*Id.*). The Court largely agrees with Defendants that Marsh's failure to participate in discovery has been prejudicial, particularly when the deadlines established by the Court's Scheduling Order required Defendants to file a dispositive motion without the benefit of Marsh's discovery responses and deposition testimony.

The remaining factors mitigate against dismissal of Marsh's complaint, however. Marsh has not previously been warned that his failure to cooperate in discovery could lead to dismissal of his complaint. And, while Defendants correctly point out that prior warning by the court only "one factor to consider" (Doc. #21 at 10), the Court finds that factor particularly relevant here,

where Defendants did not previously file a motion to compel responses to the Discovery Requests or Marsh's attendance at a continued deposition. In addition, the Court notes that this is not a case where Marsh has completely refused to participate in discovery; indeed, he appeared for his deposition and began giving testimony before the video feed was interrupted, apparently through no fault of his own. And, finally, no less drastic sanction has previously been imposed in this case for Marsh's discovery violations.

In sum, upon careful consideration of four factors discussed above, as applied to the facts of this case, the Court concludes that the extreme sanction of dismissal of Marsh's complaint is not presently warranted. Recognizing, however, that Marsh's failure to respond to the Discovery Requests, and to give full and complete deposition testimony, has hindered Defendants' ability to defend this action, the Court believes it appropriate to order Marsh to provide the discovery responses at issue and to sit for a continued deposition (should Defendants deem such necessary). Once Marsh has complied with these obligations, Defendants should be provided an additional fourteen (14) days to supplement their pending motion for summary judgment (Doc. #26) to include any additional materials supporting the arguments contained therein, including documentary evidence, deposition testimony, and/or an affidavit(s) providing the requisite evidentiary support for the argument of counsel contained therein.[3] And, Marsh should then have fourteen (14) days to supplement his response.

Marsh is hereby warned that his failure to fully and completely respond to the Discovery Requests within fourteen (14) days of this Report and Recommendation, to provide full and complete deposition testimony (to the extent deemed necessary by Defendants), or to comply

---

[3] The Court notes, for example, that in their motion for summary judgment, Defendants detail actions purportedly taken by Officer Rhodes in conducting surveillance and obtaining and executing the search warrant at issue. (Doc. #26). However, the motion did not include an affidavit from Officer Rhodes as to these matters.

5

with the Federal Rules or the Court's orders, may result in the imposition of a sanction, up to and including the dismissal of his complaint with prejudice.

## III.    CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the District Court **DENY IN PART** Defendants' motion to dismiss **(Doc. #21)**, to the extent it seeks dismissal of Marsh's complaint.  **IT IS FURTHER RECOMMENDED** that the District Court **GRANT IN PART** Defendants' motion to dismiss **(Doc. #21)** to the extent it seeks an order compelling Marsh to respond to the Discovery Requests within fourteen (14) days, compelling Marsh to appear for a continued deposition in a timely fashion (to the extent deemed necessary by Defendants), and affording Defendants an additional fourteen (14) days from completion of these items to file a supplemental brief in support of their pending motion for summary judgment (Doc. #26), and fourteen (14) days thereafter for Marsh to file a supplemental response.

Dated: April 21, 2016                                   s/ David R. Grand
                                                        DAVID R. GRAND
                                                        UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not

preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 21, 2016.

>  s/Eddrey O. Butts
>  EDDREY O. BUTTS
>  Case Manager