UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVONNE MARSH,

        Plaintiff,

                        Case No. 14-cv-12947

v.

                        HONORABLE VICTORIA A. ROBERTS

LEO RHODES and,
THE CITY OF DETROIT,

        Defendants.
_____/

**ORDER:**

**1.  ADOPTING REPORT AND RECOMMENDATION (ECF NO. 37);
2.  DENYING DEFENDANTS' MOTION TO DISMISS (ECF NO. 21);
3. STRIKING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 26);
AND 4. ESTABLISHING DEADLINES**

**I.  INTRODUCTION**

Before the Court are two dispositive motions by Defendants, Leo Rhodes and the City of Detroit: a Motion to Dismiss (ECF No. 21) and a Motion for Summary Judgment (ECF No. 26). The Motion to Dismiss was fully briefed and pursuant to an order of Reference dated January 27, 2015, Magistrate Judge David R. Grand issued a Report and Recommendation ("R & R") (ECF No. 37). Defendants filed a Response to Plaintiff's Objection. The briefing with respect to Magistrate Judge Grand's R & R is complete.

Plaintiff, Devonne Marsh has not filed a response to Defendants' Motion for Summary Judgment. Because of the nature of Magistrate Judge Grand's recommendations on the motion to dismiss and ongoing discovery disputes,

1

Defendants' Motion for Summary Judgment will be stricken without prejudice. Defendants may re-file their motion following completion of the discovery outlined in Magistrate Judge Grands' R & R.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the filing of timely objections requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see also United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); United States v. Walters, 638 F.2d 947 (6th Cir.1981); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). This de novo review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. Id. Any arguments made for the first time in objections to an R & R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

## III.   DISCUSSION

### A.   Timeliness

Defendants assert that Marsh's objection was untimely. This is incorrect. 28 U.S.C. § 636(b)(1) affords litigants an opportunity to object to recommendations made

by magistrate judges. It provides "Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). For *pro se* prisoners, "being served with a copy" is a date that runs not from the date the R & R was entered – as it would for a party who is represented by counsel – but rather from the date the prisoner received a copy of the R & R in the mail. This date is often times established by way of a sworn affidavit from the prisoner attesting to the date of receipt. The end date of the fourteen day period provided in 28 U.S.C. § 636(b)(1) is not the date that the court clerk receives and dockets the objection, but rather the date that the prisoner submits, i.e. hands, the paperwork to be filed to a prison official. See Brand v. Motley, 526 F.3d 921, 925 (6th Cir. 2008) (prisoner's filing deemed filed when handed to prison official for mailing); Jackson v. Kment, No. 13-cv-10819, 2016 WL 1042538, at *2-3 (E.D. Mich. Mar. 16, 2016).

Magistrate Judge Grand's R & R was dated April 21, 2016. Marsh states in an affidavit that he received the R & R on April 26, 2016. Fourteen days later would be May 10, 2016. The envelope containing Marsh's Objection was post-marked May 9, 2016. Therefore, Marsh's Objection was timely filed one day ahead of the May 10, 2016, deadline.

  **B.**  **Merits of Magistrate Judge Grand's R & R**

Defendants seek dismissal of March's complaint pursuant to Federal Rules of Civil Procedure 37 and 41 because Marsh failed to respond to their discovery requests and because Marsh allegedly willfully terminated his deposition. Magistrate Judge Grand's R & R sets out the appropriate four-factor test to be used when considering

sanctions under Rule 37 of the Federal Rules of Civil Procedure. Magistrate Judge Grand properly determined that not all four factors are met because Marsh was not previously warned and because no less drastic sanction has previously been imposed.

Marsh filed an Objection purportedly challenging not only the R & R that is the subject of this Order, but also a prior order denying Marsh the ability to amend his complaint, and another order denying Marsh's motions to sanction Defendants. Throughout the Objection, Marsh quibbles with various facts set forth by Defendants and Magistrate Judge Grand. None of these assertions has any material impact on the R & R, however, because the R & R recommends granting Marsh the relief he seeks -- denial of Defendants' Motion to Dismiss. Moreover, Marsh does not deny that he failed to comply with discovery obligations; he admits "Plaintiff did not respond to Defendant's [sic] requests, which were due on October 25, 2015." Pl.'s Obj. to R. & R. 14, ECF No. 38.

The Court concludes that the findings and conclusions of Magistrate Judge Grand are correct and **ADOPTS** them for purposes of this Order.

Defendants' Motion to Dismiss Marsh's Complaint is **DENIED**. Defendants' alternative request for an order requiring Plaintiff's compliance in discovery is **GRANTED**. Within fourteen (14) days of this Order, Marsh must fully and completely respond to Defendants' discovery requests. He must also provide full and complete deposition testimony (to the extent deemed necessary by Defendants) at a time to be scheduled. Defendants' request for costs is **DENIED**.

Defendants' Motion for Summary Judgment is stricken without prejudice.

Defendants may resubmit their motion following the completion of discovery.

Defendants are put on notice that their first Motion for Summary Judgment fell short of standard motion practice norms. A well-developed motion not only states the law, but also it provides the pertinent facts, and – most significantly and lacking in the prior motion – it applies the facts of the dispute to relevant case law that addresses similar issues. The bankruptcy argument had no affidavits or factual support on key issues such as proof of claim or satisfaction of the notice requirement; it contained no pincites to an order that spanned over 200 pages, and it did not cite to a single judicial opinion by either a district or circuit court. The Monell argument was not tailored to the claims and policies alleged in the Amended Complaint. In addition, the resubmitted motion should contain a statement of undisputed facts as an appendix.

The Court establishes the following deadlines:

    Discovery must be completed by **August 19, 2016**

    Dispositive Motions must be filed by **September 21, 2016**

    Responses are due **October 12, 2016**

    Replies are due **October 26, 2016**

**IT IS ORDERED**.

                                                           S/Victoria A. Roberts
                                                           United States District Judge

Dated: July 1, 2016