UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVONNE MARSH,

                    Plaintiff,           Civil Action No. 14-12947
                                           Honorable Victoria A. Roberts
v.                                         Magistrate Judge David R. Grand

LEO RHODES and
THE CITY OF DETROIT,

                    Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' SECOND MOTION TO DISMISS [45]

Before the Court is the Second Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 37 and 41, filed by Defendants Leo Rhodes and the City of Detroit (collectively "Defendants") on August 5, 2016. (Doc. #45). An Order of Reference was entered on January 27, 2015, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). (Doc. #9). Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. L.R. 7.1(f). Here, the Court finds that the facts and legal issues are adequately presented in the briefs and on the record and declines to order a hearing at this time.

**I.    RECOMMENDATION**[1]

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Second Motion to Dismiss Plaintiff's Complaint (**Doc. #45**) be **GRANTED**.

---

[1] As another Magistrate Judge in this district noted, "There appears to be a split in authority on whether a magistrate judge should provide a report and recommendation to a district judge on a Fed. R. Civ. P. 37 motion for sanctions where, as here, the relief sought is dispositive …. Because several judges in this district have viewed a report and recommendation proper in this scenario, and because this Court sees no need to depart from this practice, this Court will make a recommendation to the District Court regarding the pending motions." *Stevenson v. City of Detroit*, 2012 WL 1883282, at *1, n.1 (E.D. Mich. Mar. 30, 2012) (internal citations omitted).

## II. REPORT

### A. Background

Marsh brings this civil rights action pursuant to 42 U.S.C. §1983, alleging that Defendants violated his constitutional rights when they executed a (purportedly invalid) search warrant at 20029 Packard in the city of Detroit, Michigan, on December 23, 2012. In their motion, Defendants assert that, on September 25, 2015, they served Marsh with: (1) Defendants' Interrogatories Directed to Plaintiff; (2) Defendants' First Request for Admission to Plaintiff; and (3) Defendants' First Request for Production to Plaintiff (collectively the "Discovery Requests"). (Doc. #45 at 7). Marsh did not timely respond to the Discovery Requests. (*Id.*).

Additionally, Defendants noticed Marsh's video deposition to take place on October 27, 2015. (Doc. #21 at Ex. C). According to Defendants, Marsh appeared at the appointed time and location (within Marquette Branch Prison), at which time the video deposition began. (*Id.* at 7). Apparently, however, the video feed was interrupted at some point during Marsh's deposition, due to unforeseen technical difficulties, and when the video feed returned, Marsh was no longer on camera. (*Id.*). Defendants indicate that they were informed that Marsh told prison staff he no longer wished to participate in the deposition; Marsh claims he left the deposition because "it was getting close for his unit to be called for lunch and [] he would like to go eat when his unit [was] called." (Doc. #24 at 7).

As a result, Defendants filed their first motion to dismiss Marsh's complaint, pursuant to Fed. R. Civ. P. 37 and/or 41, arguing that dismissal was appropriate because Marsh had failed to respond to the Discovery Requests, and because Marsh had "willfully terminated his deposition." (Doc. #21 at 8).

On April 21, 2016, this Court issued a Report and Recommendation ("R&R") on that

motion, recommending that it be denied to the extent it sought dismissal of Marsh's complaint. (Doc. #37). However, the Court further recommended that Defendants' motion be granted in part to the extent it sought an order compelling Marsh to respond to the Discovery Requests. (*Id.*). In that R&R, the Court expressly warned Marsh "that his failure to fully and completely respond to the Discovery Requests within fourteen (14) days of this Report and Recommendation, to provide full and complete deposition testimony (to the extent deemed necessary by Defendants), or to comply with the Federal Rules or the Court's orders, **may result in the imposition of a sanction, up to and including the dismissal of his complaint with prejudice**." (*Id.* at 5-6 (emphasis added)). On July 1, 2016, the District Court issued an Order adopting the R&R over Marsh's objections and ordering Marsh – within fourteen (14) days – to "fully and completely respond to Defendants' discovery requests … [and] provide full and complete deposition testimony (to the extent deemed necessary by Defendants) at a time to be scheduled." (Doc. #42 at 4).

On August 5, 2016, Defendants filed the instant motion, asserting that Marsh's complaint should be dismissed because he failed to comply with the District Court's July 1, 2016 Order in that he did not respond to Defendants' outstanding discovery responses within the time permitted.[2] (Doc. #45). Indeed, Defendants assert that Marsh "has completely failed to participate in discovery." (*Id.* at 7).

Pursuant to E.D. Mich. L.R. 7.1, Marsh's response to Defendants' motion was due on or before August 29, 2016. When Marsh neither timely responded to Defendants' motion, nor moved for an extension, the Court issued an Order to Show Cause, requiring Marsh to show

---

[2] In the interim, on July 19, 2016, Marsh filed a "Notice of Appeal," apparently seeking to appeal this Court's April 21, 2016 R&R (Doc. #37) to the Sixth Circuit. (Doc. #43). This appeal was dismissed for lack of jurisdiction by the Sixth Circuit on September 1, 2016. (Doc. #48).

3

cause, in writing, on or before October 31, 2016, why the Court should not recommend that Defendants' motion be granted. (Doc. #51).

On November 8, 2016, the Court received Marsh's "Affidavit in Support of Plaintiff's Order to Show Cause on why his 42 USC 1983 Civil Complaint should not be dismissed," which appears to be Marsh's response to the Court's Order to Show Cause. (Doc. #52). In his affidavit, Marsh acknowledges that he was ordered to respond to the Discovery Requests within fourteen days of the District Court's Order. (*Id.* at 2). He then asserts the following:

- He mailed a Notice of Appeal to the Sixth Circuit on July 14, 2016.

- On July 29, 2016, attorney Linda Denise Fegins of the City of Detroit Law Department filed a notice of appearance on behalf of Defendants in the Sixth Circuit.

- On August 1, 2016, attorney Patrick Cunningham was terminated as attorney of record for Defendants in the Sixth Circuit.

- Sometime after August 5, 2016, Marsh received a copy of the instant motion to dismiss, signed by attorney Patrick M. Cunningham.[3]

- According to Marsh, then, the "brief and letter dated August 5, 2016 and signed by Attorney Patrick Cunningham is invalid."

(*Id.* at 2-3). In other words, Marsh does not claim that he responded to the Discovery Requests (whether timely or untimely), and instead argues only that the instant motion is "invalid."

**B. Analysis**

Rule 37 provides that a court may order sanctions, up to and including dismissal of an action, if "a party … fails, after being served with proper notice, to appear for that person's deposition," or if "a party, after being properly served with interrogatories under Rule 33 or a

---

[3] Marsh claims that the instant motion is a "duplicate" of Defendants' first motion to dismiss, filed in November 2015. (Doc. #52 at 3). Elsewhere in his affidavit, however, Marsh notes that, in the instant motion to dismiss, "Defendants argue that Plaintiff's complaint should be dismissed because he failed to comply with the District Court's July 1, 2016 Order …." (*Id.*). Thus, it is clear that the two motions are not duplicates, as Marsh asserts.

4

request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(i)-(ii). Fed. R. Civ. P. 41(b) further provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order," the matter may be involuntarily dismissed for failure to prosecute. And, unless the dismissal order states otherwise, a dismissal under Rule 41(b) "operates as an adjudication on the merits." *Id.*

In deciding whether to dismiss an action pursuant to Rule 37 or Rule 41, courts consider the same four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less dramatic sanctions were imposed or considered before dismissal was ordered. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997). And, while "no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct," and the party seeking to avoid dismissal "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). Applying this test, all four factors weigh in favor of dismissal.

With respect to the first factor, Marsh has not shown that his failure to respond to the Discovery Requests, even after being ordered to do so by the District Court, was due to anything other than willfulness, bad faith, or fault. Marsh does not claim that his failure to respond to the Discovery Requests was the result of mistake, inadvertence, or neglect; and, indeed, it is clear that he simply chose to ignore both the District Court's Order and his obligations under the court rules. Moreover, even after Defendants filed the instant motion to dismiss, Marsh <u>still</u> failed to

respond to that motion or make an effort to provide belated discovery responses.[4] Under the circumstances, then, Marsh has not satisfied his burden of showing that his failure to comply with the Court's order was due to something other than willfulness, bad faith, or fault.

As to the second factor, Defendants argue that they have been prejudiced by Marsh's prolonged failure to cooperate in discovery. (Doc. #45 at 9). Specifically, Defendants indicate that they have been prejudiced by the fact that Marsh "has not provided any information of any kind other than the bare allegations in his complaint," and by the fact that they wasted "a great deal of time and effort" in pursuing discovery responses they are legally entitled to receive. (*Id.*). The Court agrees that Marsh's failure to participate in discovery, even when ordered to do so by the Court, has been prejudicial to Defendants, particularly given the fact that Defendants have been forced to expend significant time, money, and effort seeking via motion the discovery responses that are owed.

The third and fourth factors also weigh in favor of dismissal. As to the third factor, this Court previously warned Marsh that his failure to fully and completely respond in a timely fashion to the Discovery Requests "may result in the imposition of a sanction, up to and including the dismissal of his complaint with prejudice." (Doc. #37 at 6). And, as set forth above, the Court has already imposed "less drastic" sanctions for Marsh's discovery violations, i.e., an order compelling him to respond to the Discovery Requests within fourteen days. Again, however, rather than utilizing the opportunity the Court afforded him to complete discovery, Marsh chose to defy the Court Order. As a result of Marsh's conduct, this case is now more than

---

[4] When ordered to show cause why Defendants' motion should not be granted, Marsh offered no rational justification for his failure to comply with the District Court's Order, instead arguing only that because Attorney Fegins is representing Defendants in the Sixth Circuit, Attorney Cunningham's filing of the instant motion in this Court was "invalid." (Doc. #52 at 3). This argument is meritless, as Attorney Cunningham has represented Defendants throughout the pendency of this case in this Court.

two years old, and Marsh still has not provided the requested/Court-ordered discovery. The only appropriate sanction at this time is dismissal.

In sum, upon careful consideration of the four factors discussed above, as applied to the facts of this case, the Court concludes that dismissal of Marsh's complaint is warranted. Marsh's repeated and ongoing failure or refusal to respond to the Discovery Requests and comply with the District Court's July 1, 2016 Order is inexcusable and has severely hampered Defendants' ability to defend this action. Marsh ignored the District Court's directive to respond to the Discovery Requests within fourteen days; failed to respond to Defendants' second motion to dismiss; failed to make even belated efforts to comply with the District Court's Order after receiving this motion; and, when ordered to show cause why Defendants' motion should not be granted, offered only a nonsensical assertion that the pending motion is "invalid." Over a year has now passed since the Discovery Requests at issue were served, and it has been nearly five months since the District Court ordered Marsh to provide responses within fourteen days. During that entire period of time, Marsh has done nothing more than dance around his obligations and make a mockery of the opportunities the Court has given him to have his case decided on the merits. Given these facts, the Court is not persuaded that imposing any sanction short of dismissal would spur Marsh to provide the outstanding discovery responses and, as such, finds dismissal appropriate.

## III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Second Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 37 and 41 (**Doc. #45**) be **GRANTED**.

Dated: November 29, 2016  s/ David R. Grand
DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 29, 2016.

                                            s/Eddrey O. Butts
                                            EDDREY O. BUTTS
                                            Case Manager