UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

DEVONNE MARSH,

    Plaintiff,

v.

LEO RHODES and THE CITY
OF DETROIT,

    Defendant.
_____/

Case No. 14-12947
Honorable Victoria A. Roberts

**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. 54];
GRANTING DEFENDANTS' SECOND MOTION TO DISMISS [Doc. 45];
AND DISMISSING THIS CASE WITH PREJUDICE**

On July 1, 2016, the Court entered an order requiring that Plaintiff DeVonne Marsh respond to Defendants' discovery requests within 14 days – or by July 15, 2016. Marsh failed to comply with that order and, to date, still has not responded to Defendants' discovery requests. On August 5, 2016, Defendants filed a second motion to dismiss. [Doc. 45]. Magistrate Judge David Grand submitted a Report and Recommendation ("R & R"), recommending that the Court GRANT Defendants' motion. [Doc. 54]. Marsh filed timely objections to the R & R [Doc. 55], which are now before the Court.

When a party properly objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of those portions pursuant to Federal Rule of Civil Procedure 72(b). *Bellmore-Byrne v. Comm'r of Soc. Sec.*, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016). Only specific objections are entitled to a *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A non-specific

objection "that does nothing more than disagree with a magistrate judge's determination, 'without explaining the source of the error,' is not considered a valid objection." *Bellmore-Byrn*, 2016 WL 5219541, at *1 (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  Neither is an objection that "merely reiterates an argument previously presented." *Id.*

In Marsh's objections, he argues that the Magistrate Judge failed to consider that: (1) because Defendants' attorney of record in the Sixth Circuit is different from their attorney who filed the motion to dismiss in this Court, the motion to dismiss is invalid; and (2) because Defendants filed their second motion to dismiss on August 5, before the August 19 discovery deadline, he could not have been in violation of the prior order at the time they filed the motion.  These objections lack merit.

Marsh's first argument (i.e., that Defendants' motion is invalid because their attorney in this Court filed it, rather than their attorney in the Sixth Circuit) is baseless. Defendants' attorney of record in this Court properly filed the second motion to dismiss. Moreover, this objection is invalid, because Marsh merely reiterates the same argument he made in response to Defendants' motion – which the Magistrate Judge found to be "meritless" [Doc. 54, PgID 414, n. 4] – without specifying why the Magistrate Judge's finding was wrong.  *See Bellmore-Byrn*, 2016 WL 5219541, at *1.

Marsh's second argument lacks factual support.  The Court's prior order required Marsh to respond to Defendants' discovery requests within 14 days of it being entered (i.e., by July 15); the August 19 discovery deadline had no relevance to his duty to comply with the order.  Therefore, by not responding to Defendants' discovery requests by July 15, Marsh violated the Court's order.

After a *de novo* review of the motion and related filings, the Court finds that the R & R is well-reasoned and that Magistrate Judge Grand's recommendation to grant the motion to dismiss is sound. Notably, Marsh still has not responded to Defendants' discovery requests more than five months after being ordered to do so. This blatant disregard to the Court's order warrants dismissal.

The Court **ADOPTS** the R & R [Doc. 54], **GRANTS** Defendants' second motion to dismiss [Doc. 45], and **DISMISSES** this action **WITH PREJUDICE**.

**IT IS ORDERED**.

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: January 25, 2017